NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-1500

———————————

ONKAR SINGH MAHAL,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent

———————————

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1 : A042-384-768)
Immigration Judge: Walter A. Durling

———————————

Submitted under Third Circuit L.A.R. 34.1(a)
February 13, 2019

BEFORE: HARDIMAN, SCIRICA, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: July 1, 2019)

———————————

OPINION*

———————————

————————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Onkar Singh Mahal petitions for review of the decision of the Board of Immigration ("BIA"). The BIA dismissed Mahal's appeal from the decision of the Immigration Judge ("IJ") denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We will deny his petition for review.

I.

In 1990, Mahal, a native and citizen of India, was admitted at the age of 14 as a lawful permanent resident. In 2016, he was convicted of theft of government property in violation of 18 U.S.C. § 641 and Social Security fraud under 42 U.S.C. § 1383a. Mahal was served with a notice to appear, and he conceded removability. The IJ found him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of the aggravated felonies of a theft offense with a term of imprisonment of at least one year under 8 U.S.C. § 1101(a)(43)(G) and a fraud offense with a loss of over $10,000 under 8 U.S.C. § 1101(a)(43)(M). Mahal requested withholding of removal and CAT relief. The IJ denied his requests.

The BIA dismissed Mahal's administrative appeal. According to the BIA, "[Mahal], who is Sikh, challenges the Immigration Judge's denial of his application for protection under the Convention Against Torture" based on his credible testimony concerning his kidnapping and severe physical mistreatment by Hindus (which occurred in 1987 when he was 11 years old) as well as his brother's similar mistreatment shortly

thereafter.  (AR3 (citing 8 C.F.R. §§ 1208.16(c), 1208.18(a)).)  Mahal also asserted that the country condition reports did not specifically state that the animosity between Sikhs and Hindus has been resolved, and he specifically referred to "a recent incident in which Sikh protestors clashed with police, resulting in two deaths and eighty injuries."  (Id.) Noting that a person seeking relief under the CAT must make a particularized showing of how he or she is threatened with torture and that reports of generalized brutality are not sufficient, the BIA determined that Mahal failed to establish that it was more likely than not that he would be tortured if removed to India:

> We fully recognize that the respondent may have a subjective fear of return to India based upon the kidnapping and terrible injuries inflicted upon him when he was a child, particularly given that his brother was also severely harmed shortly thereafter.  However, those incidents took place many years ago, during a period when Sikhs were being targeted.  The respondent has not identified evidence showing that any such targeting has taken place recently or is occurring now.  In fact, while the country conditions reports in the record provide numerous accounts of harm against many different groups in India, including Muslims, Christians, women, children, Dalits, Indian citizens of African descent, homosexual individuals, and persons in Jamu, Kashmir, and "Maoist-affected districts" ([AR154-AR155, AR174-AR186, AR190-AR192, AR194-AR195, AR205, AR210-AR212, AR214, AR210-AR223]), the reports do not contain information indicating that Sikhs are targeted for mistreatment, much less torture.  The respondent cites on appeal to a single incident in which Sikh protestors clashed with police ([AR8]) but this is not enough to show that Sikhs are being targeted by police or anyone else.
>
> Given the lack of evidence concerning mistreatment of persons similarly situated to the respondent and the lack of evidence that the respondent would be personally targeted for harm, the respondent did not meet his burden to show a likelihood of torture if returned to India.

(AR4.)

## II.

Mahal raises two issues in this review proceeding:  (1) "[w]hether the Board erred in its interpretation of the statutory term 'torture' as prohibiting the grant of protection where only one incidence of harm has occurred where no such frequency requirement is set forth in the applicable regulations" and (2) "[w]hether the Board deprived the Petitioner of a meaningful opportunity to be heard in the removal proceedings where he provided evidence of multiple incidents of harm in India, but the Board did not address the 2015 incident of harm experienced by the Petitioner, where the Board was obligated to consider all prior acts of asserted torture, in their totality, as part of the torture calculus."  (Appellant's Brief at 7-8.)  We conclude that the BIA did not commit any reversible error.[1]

The BIA did not indicate that there is any sort of frequency or "repeated harm" requirement for purposes of obtaining relief under the CAT.  It was Mahal's burden to demonstrate that it is more likely than not that he would be tortured if removed to India.

_____

[1] The government filed a motion to dismiss the petition for review on jurisdictional grounds.  It is undisputed that, because Mahal is removable as an aggravated felon, our jurisdiction is limited to colorable constitutional claims or questions of law.  See, e.g., 8 U.S.C. § 1252(a)(2)(C), (D); Pareja v. Attorney General, 615 F.3d 180, 186-87 (3d Cir. 2010).  According to the government, Mahal's first issue does not raise a colorable constitutional claim or question of law because the BIA never enunciated a "repeated harm" requirement for CAT relief and, "in any event, the 'claim' is a factual challenge disguised as a legal challenge to the Board's determination that Mahal presented insufficient evidence to establish that he more likely than not will be tortured in India in the future."  (Respondent's Brief at 14.)  Although we reject it on the merits, we do not believe that this initial claim is either frivolous or a disguised factual attack.  See, e.g., Pareja, 615 F.3d at 186-87.  Likewise, we reject the government's assertion that Mahal did not exhaust his claim that the BIA failed to consider the 2015 incident pursuant to 8 U.S.C. § 1252(d)(1).  Accordingly, the motion to dismiss is denied.

We generally exercise plenary review over the agency's legal determinations. See, e.g., Pareja, 615 F.3d at 192.

See, e.g., 8 C.F.R. § 1208.16(c) (2). Considering whether he met this burden, the agency indicated that much of the evidence presented by Mahal involved incidents (including the "kidnapping and terrible injuries inflicted upon him when he was a child" and the severe harm suffered by his brother "shortly thereafter" (AR4)) that occurred decades in the past. It thereby appropriately considered whether Mahal presented evidence showing that Sikhs were more recently targeted. With respect to the more recent incident involving Sikh protestors and the police, the BIA specifically considered whether it was sufficient to establish that Sikhs in general were being "targeted"—and not whether this specific occurrence otherwise rose to the level of torture, e.g., the intentional infliction of severe pain or suffering, see, e.g., 8 C.F.R. § 1208.18(a)(1). The BIA's opinion states that "[t]he respondent cites on appeal to a single incident in which Sikh protestors clashed with police ([AR8]) but this is not enough to show that Sikhs are being *targeted* by police or anyone else." (AR4 (emphasis added).)

We also agree with the government that "the fact that the Board did not specifically mention [the 2015 incident involving Mahal] in its decision, even if error, is harmless" (Respondent's Brief at 29 (citing Yuan v. Attorney General, 642 F.3d 420, 427 (3d Cir. 2011) (stating that error is harmless if it is highly probable that such error did not affect outcome)).) The BIA need not discuss every single piece of evidence mentioned by an applicant, see, e.g., Huang v. Attorney General, 620 F.3d 372, 388 (3d Cir. 2010), and Mahal did not call the BIA's attention to this incident in either his administrative notice of appeal or his administrative brief. He now asserts that "he and his family fled India shortly after the incident because of fear" (Petitioner's Brief at 15 (citing AR84-

5

AR85), and that he "presented the details of the 2015 incident as evidence of severe psychological harm" (id. at 15-16). According to Mahal, "young Hindu men stopped their car, surrounded it and inquired as to who was in the car in a menacing way" (id. at 12 (citing AR84-AR85)), and "the driver's side window was busted out of the car owned by his family" (id. at 12-13 (citing AR84-85).) Such circumstances clearly do not rise to the level of torture or otherwise constitute, even when considered with the other evidence presented by Mahal, "a particularized showing of how he is threatened with torture" ([AR3]). In fact, Mahal testified that "[n]othing really big happened" immediately after the men were told that he was a Sikh. (AR81.)

III.

For the foregoing reasons, we will deny Mahal's petition for review.